| | |
|---|---|
| DELBELLO DONNELLAN WEINGARTEN<br>WISE & WIEDERKEHR, LLP<br>*Attorneys for Mark C. Healey*<br>One North Lexington Avenue<br>White Plains, New York 10601<br>(914) 681-0200<br>Dawn Kirby, Esq. | *Presentment Date: September 11, 2017*<br>*Presentment Time: 12:00 p.m.* |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

                       Chapter 7

MARK C. HEALEY,             Case No. 16-70290 (ast)

             Debtor.
-----------------------------------------------------------------X

## DEBTOR'S MOTION TO (i) REOPEN CHAPTER 7 CASE PURSUANT TO 11 U.S.C. §350; AND (ii) AVOID JUDGMENT LIENS OF ASSET ACCEPTANCE, LLC AND AMERICAN EXPRESS CENTURION BANK PURSUANT TO 11 U.S.C. §522(f)

**TO: THE HONORABLE ALAN S. TRUST,**
  **UNITED STATES BANKRUPTCY JUDGE:**

  The Application of Mark C. Healey (the "Debtor"), the above-captioned Debtor, by his attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, respectfully represents and sets forth as follows:

### JURISDICTION

  1.  The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A).

  2.  Venue is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

  3.  This proceeding has been initiated pursuant to Bankruptcy Code §§105(a), 350, and 522(f).

## BACKGROUND

**The Debtor's Residence**

4. On May 30, 2002, the Debtor and his wife purchased their current residence located at 15 Spencer Avenue, Lynbrook, New York 11563 (the "Residence"). Both the Debtor and his wife are on the deed. A copy of the deed is annexed as **Exhibit A.**

**The Judgments**

5. On March 23, 2011 at 9:00 a.m., American Express Centurion Bank ("American Express") entered a nonconsensual default judgment against the Debtor in the Supreme Court of the State of New York, Nassau County District Court, in the amount of $15,374.27 in an action titled *American Express Centurion Bank v. Mark Healey*, Index No. CV-048015-10/NA. A copy of the American Express judgment is annexed hereto as **Exhibit B.**

6. On September 18, 2013 at 10:03 a.m., Asset Acceptance LLC ("Asset Acceptance") entered a nonconsensual default judgment against the Debtor in the Supreme Court of the State of New York, Nassau County District Court, in the amount of $14,451.78 in an action titled *Asset Acceptance LLC v. Mark C. Healey*, Index No. CV-00942-13/HE. A copy of the Asset Acceptance judgment is annexed hereto as **Exhibit C.**

**The Chapter 7 Case**

7. On January 25, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for liquidation pursuant to Chapter 7 of the Bankruptcy Code (the "Bankruptcy Code").

8. On February 3, 2016, the Debtor filed Schedules of Assets and Liabilities and a Statement of Financial Affairs. Copies of the Debtor's Schedule C and Schedule D are annexed as **Exhibit D**.

9. Schedule D indicates the value of the Residence is "unknown". However, the Debtor obtained a New York State certified appraiser's report dated November 2, 2015 which values the Residence at $515,000. A copy of the appraisal is annexed as **Exhibit F.**

10. Schedule D also indicates CitiMortgage has a mortgage on the residence in the amount of $306,737.80. Thus, the Debtor and his wife had equity in the Residence in the amount of $208,262.20 together, or $104,131.10 each. Copies of the Debtor's CitiMortgage mortgage statement dated June 1, 2016 is annexed as **Exhibit E**.

11. Schedule C claims a homestead exemption in the amount of $165,550 pursuant to NY CPLR §5206, which exceeds the Debtor's $104,131.10 share of equity in the Residence.

12. The Trustee successfully liquidated $6,018.50 in assets. American Express and Asset Assurance both filed Proof of Claim forms. On November 22, 2016, the Trustee filed a Final Report [Docket No. 39] showing disbursements to creditors including American Express in the amount of $652.39 and Asset Acceptance in the amount of $640.97.

13. On April 11, 2017, an Order Discharging Debtor was entered and the Debtor's Chapter 7 case was closed.

## RELIEF REQUESTED

14. During the pendency of the Chapter 7 case the Debtor did not avail himself of the relief available to him pursuant to Bankruptcy Code §522(f). The Debtor believes there was a misunderstanding with his prior counsel regarding pursuit of such relief. It was only recently that the Debtor realized judgment liens still encumber his Residence.

15. The Debtor retained new counsel to bring the instant motion seeking to re-open his Chapter 7 case pursuant to Bankruptcy Code §350(b) and to seek removal of the American

Express judgment and Asset Acceptance judgment as liens against his Residence pursuant to Bankruptcy Code §522(f).

16. Bankruptcy Code §350(b) states as follows:

> A case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the Debtor or for other cause.

17. The Debtor asserts that it is appropriate to re-open his chapter 7 case to accord relief to the Debtor with respect to his request to remove the judgment liens.

18. Bankruptcy Code § 522(f) (1)(A) states as follows:

> Notwithstanding any waiver of exemptions, but subject to paragraph (3), the Debtor may avoid the fixing of a lien on an interest of the Debtor in property to the extent that such lien impairs an exemption to which the Debtor would have been entitled under subsection (b) of this section, if such lien is –
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);

19. The American Express and Asset Acceptance judgment liens on the Debtor's Residence are impairing his homestead exemption and should, therefore, be avoided.

20. The judgment liens against the Residence create an obstacle to the fresh start that every Chapter 7 Debtor is entitled.

21. Accordingly, the Debtor respectfully requests that this Court declare the non-consensual pre-petition judgment liens are null and void and of no further force and effect with respect to the Residence or to any property in which the Debtor may acquire an interest, and to direct American Express and Asset Acceptance to execute any and all documents necessary to strike the liens off the public records.

22. No previous request for the relief sought herein has been made.

## WAIVER OF MEMORANDUM OF LAW

23.     The Debtor requests a waiver of submission of a memorandum of law in connection with this Application, in that there are no novel or difficult legal issues presented herein.

## NOTICE

24.     Notice of this Motion has been provided to (i) Office of the United States Trustee; (ii) Chapter 7 Trustee, Marc A. Pergament, Esq.; (iii) all Notices of Appearance; (iv) Asset Acceptance, LLC and its counsel, and (v) American Express Centurion bank and its counsel. The Debtor submits that said notice is adequate and proper.

**WHEREFORE**, the Debtor requests this Court entry of the Order annexed hereto as **Exhibit G**, together with such other and further relief as is just under the circumstances.

Dated:  White Plains, New York
       August 24, 2017         DELBELLO DONNELLAN WEINGARTEN
                                          WISE & WIEDERKEHR, LLP
                                          *Attorneys for the Debtor*
                                          One North Lexington Avenue
                                          White Plains, New York 10601
                                          (914) 681-0200

                                          By:  */s/ Dawn Kirby*
                                              Dawn Kirby