UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In Re:                                                                    Chapter 7

Mark C. Healey,                                                    Case No.: 16-70290-ast

              Debtor.
--------------------------------------------------------X

## ORDER REOPENING CASE FOR LIMITED PURPOSE
## AND GRANTING IN PART AND DENYING IN PART
## <u>MOTION TO AVOID JUDICIAL LIENS</u>

Pending before the Court is Mark C. Healey's ("Debtor") motion to reopen his

bankruptcy case to avoid certain judicial liens (the "Motion"). [dkt item 42]  For the reasons

herein Debtor's Motion is granted in part and denied in part.

***Background***

On January 25, 2016 (the "Petition Date"), Debtor filed a voluntary petition for relief

under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

On February 3, 2016, Debtor filed, among other things, Schedule A and asserted an

ownership interest in his principal residence located at 15 Spencer Avenue, Lynbrook, New York

11563 (the "Property"); Schedule C and claimed a homestead exemption in the Property in the

amount of $165,550.00, pursuant to NYCPLR § 5206; and Official Form 122A-1 and asserted

that he is married, he lives with his spouse in the same household and he is not legally separated

from his spouse.  [dkt item 10]

On April 11, 2017, the Court entered an Order granting Debtor his discharge [dkt item

40], and the above-captioned case was closed.

*The Motion to reopen and avoid liens*

On August 25, 2017, Debtor filed the Motion seeking an order pursuant to 11 U.S.C. §

350 reopening the above-captioned case; and § 522(f) avoiding the following judicial liens

against the Property: American Express Centurion Bank ("American Express") perfected on

March 24, 2011 in the sum of $15,374.27 (the "American Express Lien"); and Asset Acceptance

LLC perfected on September 18, 2013 in the sum of $14,451.78 (the "Acceptance Lien").  [dkt

item 42]

In his Motion, Debtor states he co-owns the Property with his spouse, that the Property

has a fair market value of $515,000.00, and that the Property is subject to a first mortgage held

by CitiMortgage with an outstanding balance of $306,737.80.

Applying these figures, the Motion makes the following calculation of net equity in the

Property:

| Fair market value of Property | $515,000 |
|---|---|
| Less first mortgage of CitiMortgage | $306,737.80 |
| Remaining equity | $208,262.20 |
| 50% equity of Debtor | $104,131.10 |
| Less homestead exemption | $165,550 |
| Net equity for Judgment Creditors | ($61,418.90) |

Under Debtor's calculation, any judicial lien would impair Debtor's interest in the

Property, and could therefore be avoided under Section 522(f) of the Bankruptcy Code.

On October 6, 2017, Debtor filed a letter with the Court and attached a copy of an email

from American Express that it does not oppose the Motion (the "American Express Email").

[dkt item 45]

*Bankruptcy Code Section 522(f)*

Section 522(f)(1)(A) of the Bankruptcy Code permits a debtor to avoid the fixing of a

judicial lien "on an interest of the debtor in property to the extent that such lien impairs an

exemption to which the debtor would have been entitled," subject to certain protections for domestic support obligations that are not relevant here. 11 U.S.C. § 522(f)(1)(A); *In re Conte*, No. 11-77836-AST, 2012 WL 1865423, at *2 (Bankr. E.D.N.Y. May 21, 2012).

Section 522(f)(2) defines when a "lien impairs an exemption to which the debtor would have been entitled."[1] Under § 522(f)(1)(A) and (2), the debtor may avoid the fixing of a judicial lien unless there is sufficient equity in the residence to satisfy all consensual and non-avoidable liens and to satisfy the full amount of the debtor's homestead exemption as set forth either in § 522(d)(1) or in applicable state law. *In re Moltisanti*, No. 10-72180-AST, 2012 WL 5246509, at *3 (Bankr. E.D.N.Y. Oct. 24, 2012).

### Debtor's ownership interest in the Property

This Court has previously addressed the issue of what interests an owner holds in property by tenancy by the entirety. *In re Heaney*, 453 B.R. 42, 46 (Bankr. E.D.N.Y. 2011) ("a tenancy whose salient characteristic is the unique relationship between a husband and his wife each of whom is seized of the whole and not of any undivided portion of the estate (per tout et non per my)") (citations omitted).

Section 6–2.2 of the New York Estates, Powers and Trusts Law states: "A disposition of real property to a husband and wife creates in them a tenancy by the entirety, unless expressly declared to be a joint tenancy or a tenancy in common." N.Y. Est. Powers & Trusts Law § 6–

---

[1] Specifically, § 522(f) provides that:
(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
(i) the lien;
(ii) all other liens on the property; and
(iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.
(B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.
(C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.
11 U.S.C. § 522(f)(2).

2.2(b).  The Debtor's Motion contains the deed to the Property dated May 30, 2002, whereby Debtor, Mark Healey, and Cailin Healey originally acquired the Property.  Since there is no expression of an intention not to create a tenancy by the entirety, the Court determines that this acquisition created a tenancy by the entirety between Debtor and his non-filing spouse.  Additionally, as there is no indication in the record that this tenancy has been terminated, this Court determines that the Property was held as entireties property as of the Petition Date. *Heaney*, 453 B.R. at 46.

In *Heaney*, this Court set out the methodology to be utilized under § 522(f)(2) when, as in this case, only one co-owner of property held by tenants by the entirety files bankruptcy and seeks to avoid judicial liens.  *Heaney*, 453 B.R. at 48–49.  As explained in *Heaney*, when only one tenant by the entirety files a bankruptcy petition, the full fair market value of the principal residence as of the petition date must be considered in calculating whether the debtor may avoid one or more judicial liens.  *Moltisanti*, 2012 WL 5246509, at *3.

Accordingly, in this case where only one tenant by the entirety has filed bankruptcy, the proper method for calculating equity for purposes of judicial lien avoidance under § 522(f)(1)(A) is as follows:

1. Use the full fair market value of the debtor's principal residence.

2. Subtract all mortgage liens and all other liens of record on the principal residence.

3.  Apply the full amount of the debtor's homestead exemption as if there were no liens on the principal residence.

4.  If there is any equity remaining in the principal residence after satisfying all other liens and the debtor's homestead exemption, the judicial lien may attach to that remaining equity.

5. Any judicial lien that can be avoided as set forth above is avoided according to state law priority, meaning that for debtors

> residing in New York, the judicial lien most recently recorded is avoided first and so on, until either all the judicial liens are avoided or until there is some equity to either partially or fully secure a judicial lien.

*Moltisanti*, 2012 WL 5246509, at *3. (citing *Heaney*, 453 B.R. at 48–49.)

Here, Debtor failed to follow the methodology prescribed in *Heaney* for calculating net equity for purposes of avoiding judicial liens. Specifically, pursuant to § 522(f)(1)(A) and *Heaney*, 453 B.R. at 48–49, the proper calculation of net equity for the Motion is as follows:

| | |
|---|---|
| Fair market value of Property | $515,000 |
| Less first mortgage of CitiMortgage | $306,737.80 |
| Remaining equity | $208,262.20 |
| Less homestead exemption | $165,550 |
| Net equity for Judgment Creditors | $42,712.20 |

Although there is nearly $43,000 in net equity in the Property under this calculation, the Motion seeks to avoid approximately $30,000 in judicial liens. Therefore, sufficient equity exists in the Property for both the American Express Lien and Acceptance Lien to be unavoidable and the Court need not determine their priority under state law. However, pursuant to the American Express Email, American Express does not object to the avoidance of its lien.

*Conclusion*

For the foregoing reasons, it is hereby

**ORDERED**, that the Motion is granted in part pursuant to 11 U.S.C. § 350(b) and FED. R. BANKR. P. 5010; and it is further

**ORDERED**, that the above captioned case is hereby reopened for the limited purpose set forth herein; and it is further

**ORDERED**, that no Chapter 7 Trustee need be appointed in this reopened case; and it is further

**ORDERED**, that the Motion is denied as to the judicial lien of Asset Acceptance LLC perfected on September 18, 2013 in the sum of $14,451.78 as there is sufficient equity in the Property to which this judicial lien may attach; and it is further

**ORDERED**, that the Motion is granted as to the judicial lien of American Express Centurion Bank perfected on March 24, 2011 in the sum of $15,374.27 as American Express has indicated that it has no objection to the Motion seeking avoidance of the American Express Lien; a separate Order consistent herewith will be entered; and it is further

**ORDERED**, that upon this Order becoming a final order of the Court, this case may be re-closed without further Order of this Court.



Dated: October 24, 2017
     Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**